IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joe L. Williams, ) | Civil Action No.: 9:10-cv-00756-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Major J. Shaw; Mr. NFN Monteith, ) | |
| 3rd Judicial Circuit for South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss the complaint without prejudice and without issuance and service of process.

## Procedural History and Factual Background

This case was initiated on March 24, 2010, when the Plaintiff filed a Complaint appearing to allege a cause of action pursuant to 42 U.S.C. § 1983. The Complaint names two police officers employed by the Kingstree City Police Department as Defendants. The Plaintiff states that he is currently detained and charged with the criminal offense of Burglary, Second Degree. On April 2, 2010, the Magistrate Judge issued the R&R recommending that the Court dismiss the complaint without prejudice and without issuance and service of process. The Plaintiff filed timely objections to the R&R on April 7, 2010.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his objections, the Plaintiff fails to direct the Court to a specific error in the Magistrate Judge's R&R. Because the Plaintiff has failed to file specific objections, the Court reviews the R&R for clear error. *See Diamond,* 416 F.3d at 315. However, in an abundance of caution, the Court will review the Plaintiff's objections on the merits as well.

In his Complaint, the Plaintiff states that the Defendants entrapped him by watching him commit a crime. The Plaintiff merely reiterates this allegation in his objections and asks the Court to "review [his] case of entrapment by police office[r]s." *Objections,* p.2. However, a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary

circumstances, and abstention is appropriate in the instant matter. *See Younger v. Harris,* 401 U.S. 37, 43-44 (1971); *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994). The Plaintiff will have a sufficient opportunity to raise his allegations of entrapment by the Defendants during his state criminal proceeding.

Having thoroughly reviewed the entire record and the applicable law, the Court finds that the R&R contains no clear error, and the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

### Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
April 14, 2010